# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Annette Hartinger Miller, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:18-1800-RMG |
| vs. ) | |
| ) | |
| Nancy A. Berryhill, Acting, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her application for Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 18, 2019, recommending that the Commissioner's decision be affirmed. (Dkt. No. 28). Plaintiff filed objections to the R & R, and the Commissioner filed a reply (Dkt. Nos. 30, 32).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is

a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

The Magistrate Judge, in a comprehensive and well-reasoned R & R, addressed each of the issues now the subject of Plaintiff's objections and concluded that the Commissioner's final decision complied with controlling legal standards and was supported by substantial evidence. The record contains conflicting evidence regarding the degree to which Plaintiff's well-documented mental and physical impairments prevent her from sustaining work in the competitive workplace. The Administrative Law Judge thoughtfully weighed these conflicting opinions and evidence and concluded that Plaintiff, despite her recognized severe impairments, retains the residual functional capacity for light work. This weighing and reconciling of conflicting evidence is quintessentially the responsibility of the Commissioner, and the Court

must affirm decisions of the Commissioner so long as there is compliance with controlling rules and regulations and substantial evidence to support the findings and conclusions reached. Having reviewed the record in this matter, the Court finds that the decision meets those requirements. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 28) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 9, 2019
Charleston, South Carolina